UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWANI LATA KUMAR et al., | No. 2:15-cv-02029-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| RANDALL D. NEWMAN, et al., | |
| Defendant. | |

On September 28, 2015, the plaintiffs filed a complaint and an ex parte application for a temporary restraining order. *See* ECF Nos. 1, 2. They assert claims in tort, trespass, and "for default judgment to restore property and compensation." Compl. at 1 (capitalization altered), ECF No. 1. They allege the defendants have unlawfully evicted them from their home. *See* Mot. TRO at 1–2, ECF No. 2.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7

1

1   (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary
2   injunctions is "substantially identical").

3         "Federal district courts are 'courts of limited jurisdiction,' possessing 'only that
4   power authorized by Constitution and statute.'" *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653
5   F.3d 1024, 1027 (9th Cir. 2011) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S.
6   546, 552 (2005)).  It is presumed "'a cause lies outside this limited jurisdiction, and the burden of
7   establishing the contrary rests upon the party asserting jurisdiction.'" *Id.* (quoting *Kokkonen v.
8   Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Federal Rule of Civil Procedure 8(a)
9   also requires a complaint include "a short and plain statement of the grounds for the court's
10  jurisdiction." Fed. R. Civ. P. 8(a)(1).

11        The complaint does not plead a theory of jurisdiction.  In the standard civil cover
12  sheet attached to the complaint, the plaintiffs indicate this is a diversity action because they are
13  citizens of another state, but their claims arise from the ongoing eviction from their residence in
14  Sacramento, and they list Sacramento County as the residence of Ashwini Lata Kumar.  *See*
15  Compl. at 1–2; Cover Sheet at 3, ECF No. 1-1.  The cover sheet also alleges a violation of
16  18 U.S.C. § 242 for "[d]eprivation of rights under color of law right of possession of property,"
17  Cover Sheet at 1, but § 242 provides no basis for civil liability.  *Scheidler v. Avery*, 599 F. App'x
18  688 (9th Cir. 2015) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

19        It appears this court lacks subject matter jurisdiction over the plaintiffs' claims.
20  They have therefore not satisfied the threshold requirement for the court's determining whether
21  they have met their burden to show they are likely to succeed on the merits of their claims.  The
22  ex parte application for a temporary order is DENIED.

23        In light of the information provided in their filing, the plaintiffs may wish to
24  contact Legal Services of Northern California, 517 12th Street, Sacramento, CA 95814, or by
25  phone (916) 551-2150 or fax (916) 551-2196.

26        IT IS SO ORDERED.
27  DATED: September 28, 2015.
28        UNITED STATES DISTRICT JUDGE