UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWANI LATA KUMAR & RAJENDRA KUMAR,<br><br>Plaintiffs,<br><br>v.<br><br>RANDALL D. NAIMAN, et al.,<br><br>Defendants. | No. 2:15-cv-2029-KJM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Ashwani Lata Kumar and Rajendra Kumar, proceeding without counsel, commenced this action on September 28, 2015, and paid the filing fee. (ECF No. 1.) Plaintiffs' 130-page complaint, which names 18 defendants and consists of numerous exhibits, is somewhat confusing, but appears to allege that defendants wrongfully foreclosed on plaintiffs' real property located on Tierra Green Way in Sacramento, California, and subsequently sought to unlawfully evict plaintiffs from that property.[1]  Plaintiffs contend that defendants have refused to respond to plaintiffs' requests for defendants to demonstrate that they are the true creditors or holders of the note with proper authority to foreclose.  Plaintiffs assert claims for tort, trespass, and restoration of property.  They essentially seek a deed of full reconveyance of the property as well as

---

[1] The named defendants appear to be institutions, attorneys, and/or other individuals somehow involved with the foreclosure of plaintiff's real property and the subsequent eviction proceedings.

1

1  compensatory damages for alleged personal injuries in the amount of $375,000,000.00.

2      On the same day that the complaint was filed, plaintiffs also filed a motion for a
3  temporary restraining order ("TRO"), seeking to restrain defendants from evicting plaintiffs from
4  the property. (ECF No. 2.) Judge Mueller denied the motion that same day based on lack of
5  subject matter jurisdiction. (ECF No. 5.) Since then, there was no further docket activity in the
6  case until the January 28, 2016 status conference.

7      Despite not having filed a court-ordered status report, plaintiffs appeared in person at that
8  January 28, 2016 status conference. None of the defendants appeared. In light of plaintiffs' *pro*
9  *se* status and their appearance at the status conference, the court declines to impose any sanctions
10 for failure to file the required status report.

11     At the status conference, plaintiffs represented that they had previously filed a bankruptcy
12 action, but that the stay in the bankruptcy action had been lifted. The court's independent review
13 of the bankruptcy court docket confirms that a bankruptcy action was commenced by plaintiff
14 Rajendra Kumar on June 19, 2015; that the automatic bankruptcy stay was vacated with respect to
15 plaintiffs' Tierra Green Way property on September 20, 2015 (shortly before the district court
16 action was filed on September 28, 2015); and that the bankruptcy case was closed on October 13,
17 2015. See Case No. 15-24945 (Bankr. E.D. Cal. 2015). Therefore, there does not appear to be
18 any current bankruptcy stay that applies to this action.

19     The court also discussed the status of service of process with plaintiffs. Plaintiffs
20 indicated that they had filed proofs of service and additional briefing with the court the day before
21 the status conference, but those filings had not yet been docketed by the Clerk of Court at the time
22 of the status conference. The court indicated that it would review plaintiffs' proofs of service and
23 additional briefing, and then issue an appropriate order.

24     Plaintiffs' proofs of service and additional briefing have now been docketed, and the court
25 has carefully reviewed those filings. The additional briefing submitted with the proofs of service
26 is styled as a "motion to dismiss," but, when liberally construed, is actually a motion for default
27 judgment, requesting dismissal of the case only after granting a deed of full reconveyance of the
28 property, and damages for personal injuries, to plaintiffs. (See ECF No. 6-1.)

The proofs of service filed show that plaintiffs have thus far only attempted service on 6 of the 18 defendants. (ECF No. 6 at 26-32.) As an initial matter, it appears that service on at least some of the 6 defendants was deficient. For example, plaintiffs attempted to serve the in-state, California-based defendants by certified mail, return receipt requested, but it does not appear that any of those defendants returned an executed acknowledgement of receipt of summons as required by Cal. Civ. Proc. Code § 415.30. Moreover, even if those 6 defendants had been properly served, it would be inappropriate, given the risk of inconsistent judgments, for the court to enter a default judgment against such defendants in this multiple-defendant case until the matter has been adjudicated with respect to all defendants. See Nelson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001). As such, the court denies plaintiffs' motion to dismiss, properly construed as a motion for default judgment, but without prejudice to its renewal at a later juncture, if appropriate.

Although the time for service of process pursuant to Federal Rule of Civil Procedure 4(m) has now expired, the court would have been inclined to extend the time to properly complete service of process, particularly in light of plaintiffs' *pro se* status. However, as Judge Mueller previously noted in denying plaintiffs' motion for a TRO, plaintiffs' action suffers from a much more fundamental defect—lack of federal subject matter jurisdiction.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

////

In this case, there is no federal question jurisdiction. Even when liberally construed, plaintiffs' complaint alleges only state law claims for tort, trespass, and restoration of property. To be sure, the civil cover sheet and amended civil cover sheet list a claim under a federal criminal statute, 18 U.S.C. § 242. (ECF Nos. 1-1, 7.) However, as Judge Mueller previously explained, that criminal statute provides no basis for civil liability, and plaintiffs, as private citizens, have no standing to prosecute criminal claims. Furthermore, there is no diversity of citizenship jurisdiction, because plaintiffs and at least some of the defendants were citizens of California at the time the action was filed.

Therefore the court concludes that it lacks federal subject matter jurisdiction over the action, and that the case must be dismissed. However, such dismissal should be without prejudice, allowing plaintiffs to pursue their action in an appropriate state court. Indeed, in recommending dismissal of the action for lack of subject matter jurisdiction, the court expresses no opinion on the merits of plaintiffs' claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE for lack of federal subject matter jurisdiction.
2. The Clerk of Court be directed to close this case.

IT IS ALSO HEREBY ORDERED that:

1. Plaintiffs' motion to dismiss, liberally construed as a motion for default judgment (ECF No. 6) is DENIED WITHOUT PREJUDICE.
2. All pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. Other than any objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any further motions or pleadings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  February 2, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE